UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRIAN GUGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-57 |
| | ) |
| CAYE GLOBAL LOGISTICTS, LLC, | ) |
| and BRETT GENTLE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Clarify That Treaters Are Not Required to Provide Written Report [DE 18] filed by the plaintiff, Brian Gugler, on October 12, 2023. The court construes the motion as a Motion for Protective Order.

**Federal Rule of Civil Procedure 26(a)(2)(A)** requires parties to disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 705**." Fed. R. Civ. P. 26(a)(2)(A)**. This rule divides expert witnesses into two categories, one of which requires written reports and the other only summary disclosures. For experts "retained or specially employed to provide expert testimony in the case," a party must provide a detailed written report compliant with Rule 26(a)(2)(B). Yet for non-retained experts a party need only disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." **Fed. R. Civ. P. 26(a)(2)(C)**.

Rule 26 was amended in 2010 to add subpart C, which mandated summary disclosures for non-retained experts, including physicians or other health care professionals. *See* **Fed. R. Civ. P. 26(a)(2)(C)** advisory committee's note (2010 amendment). "[T]o give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference

between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony." *Malibu Media, LLC v. Harrison*, 1:12-CV-01117-WTL, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (internal quotation marks and citation omitted). A "treating physician is a 26(a)(2)(C) witness because his opinion arises from his ground-level involvement in the events giving rise to the ligation, and not because of his enlistment as an expert." *Id.*

The court notes that a disclosure required by Rule 26(a)(2)(C) is a summary, not a report, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *See* **Fed. R. Civ. P. 26(a)** advisory committee's note (2010 amendment). Nevertheless, Rule 26(a)(2)(C) explicitly requires a summary of the expert's expected opinions. *See* **Fed. R. Civ. P. 26(a)(2)(C)(ii)** (requiring "a summary of the facts and opinions to which the witness is expected to testify"). "Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012), as amended (Feb. 2, 2012).

For these reasons the motion is **GRANTED**.

ENTERED this 26th day of October, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge